IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL D. BUTLER,                      § | |
|     Petitioner,                               § | |
|                                                           § | |
| v.                                                      § | Civil Action No. 4:07-CV-145-Y |
|                                                           § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division,      § | |
|     Respondent.                             § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Michael D. Butler, TDCJ #733314, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On October 12, 1995, a jury found Butler guilty of attempted murder in the 271st Judicial

District Court of Wise County, Texas, cause number 10,512, and assessed his punishment at twenty-five years' imprisonment. (Clerk's R. at 17.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on August 29, 1997, and the Texas Court of Criminal Appeals refused Butler's petition for discretionary review on November 26, 1997. *Butler v. Texas*, No. 02-95-466-CR, slip op. (Tex. App.–Fort Worth Aug. 29, 1997) (not designated for publication); *Butler v. Texas*, PDR No. 1359-97. Butler did not seek writ of certiorari. (Petition at 3.)

On July 19, 1999, Butler filed his first state habeas application, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on June 21, 2000. *Ex parte Butler*, Application No. 43,047-01. Butler filed his second state habeas application on March 21, 2005, which was dismissed as successive by the Texas Court of Criminal Appeals on November 30, 2005. *Ex parte Butler*, Application No. 43,047-03. Butler filed this federal petition for writ of habeas corpus on January 18, 2007.[1] Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Butler filed a reply.

### D. ISSUES

In this petition, Butler raises ten grounds attacking his 1998 conviction (grounds one, two, three, four, and ten) and raising claims regarding his direct appeal (grounds five and six) and state habeas proceedings (grounds seven, eight, and nine). (Petition at 7-8.)

### E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[1] In his petition, Butler does not indicate the date he placed the petition in the prison mailing system, therefore he is not given the benefit of the mailbox rule. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

To the extent Butler's claims involve challenges to his conviction and appellate proceedings, subsection (A) governs when the limitations period began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, the trial court's judgment of conviction became final upon expiration of the time that Butler had for seeking certiorari in the United States Supreme Court on February 24, 1998.  *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.  Thus, the federal limitations period began on February 25, 1998, and closed on February 25, 1999.  Butler's state habeas applications, filed after expiration of the federal limitations period,

3

did not operate to toll the running of the federal period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). Butler's federal petition was due on or before February 25, 1999. His petition, filed on January 18, 2007, nearly eight years later, was filed beyond the limitations period and is untimely.

Butler urges that he is entitled to equitable tolling based on the "gross deception" that the state has committed by denying him due process of any kind during the various stages of the state court proceedings, his serious health issues over the past years, and his unfamiliarity with the legal process. (Pet'r Memorandum in Support at 1; Pet'r Reply at 1-3.) Equitable tolling, however, applies only in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Butler's reasons do not merit equitable tolling of the statute of limitations. *See Caldwell v. Dretke*, 182 Fed.Appx. 346, 347 (5th Cir. 2006) (not designated for publication in the Federal Reporter); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Watkins v. Dretke*, No. 4:05-CV-444-A, slip copy, 2005 WL 3555412 (N.D.Tex. Dec. 29, 2005) (not designated for publication).

To the extent Butler's claims involve ineffective state process in the state habeas proceedings, claims involving infirmities in such proceedings are not cognizable on federal habeas review. *Beaszley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

## II. RECOMMENDATION

Butler's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 31, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 31, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is

returned to the docket of the United States District Judge.

      SIGNED May 10, 2007.

                                          /s/   Charles Bleil
                                      CHARLES BLEIL
                                      UNITED STATES MAGISTRATE JUDGE