```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

MICHAEL D. BUTLER,                   §
    Petitioner,                      §
                                      §
VS.                                  §   CIVIL ACTION NO.4:07-CV-145-Y
                                      §
NATHANIEL QUARTERMAN, Director,      §
T.D.C.J.,Correctional                §
Institutions DIV.,                   §
    Respondent.                      §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Michael D. Butler under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 10, 2007; and

3. The Petitioner's written objections to the proposed findings, conclusions and recommendation of the United States magistrate judge filed on May 29, 2007.

The Court, after <u>de novo</u> review, concludes that Petitioner's objections must be overruled,[1] and that all claims in the petition

---

[1] Butler writes in his objections that no laws made by Congress can impede the constitutionally guaranteed right to challenge a felony conviction through the "Great Writ." To the extent these arguments are that the § 2244 limitations period is an unconstitutional suspension of the right to petition for a writ habeas corpus, the Court of Appeals for the Fifth Circuit has rejected this argument:

> The 1-year limitations period of the AEDPA does not violate the Suspension Clause of Art. 1, § 9 [of the Constitution] unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." [Petitioner] has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir.2000) (citation omitted); *see generally Wyzkowski v. Department of Corrections*, 226 F.3d 1213, 1217 (11th Cir.2000) ("[e]very court which has addressed the issue-- i.e., whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the writ-has concluded that it does not") (multiple citations omitted).

for writ of habeas corpus, except claims seven through nine challenging errors in the state habeas proceedings, should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions.  Claims seven through nine should be denied for the reasons stated in the respondent's answer at section III.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED, except as modified herein.

Petitioner Michael Butler's petition for writ of habeas corpus grounds for relief one though six, and ten are DISMISSED WITH PREJUDICE.

Petitioner Butler's petition for writ of habeas corpus grounds seven through nine are DENIED.

SIGNED May 30, 2007.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

Furthermore, application of the statute of limitations does not violate the Ex Post Facto Clause. *See United States v. Flores*, 135 F.3d 1000, 1004-05 (5th Cir.1998).

2